

06-3599-cr
USA v. Paracha



03-cr-1197
S.D.N.Y/NYNY
Stein, J.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York on the 19th day of June, two thousand and eight.

Present:
   HON. CHESTER J. STRAUB,
   HON. ROSEMARY S. POOLER,
   HON. SONIA SOTOMAYOR,
      *Circuit Judges.*



United States of America,

     *Appellee,*

  v.                   No. 06-3599-cr

Uzair Paracha,

     *Defendant-Appellant.*

For Appellant:    JOSHUA L. DRATEL (Renita T. Thukral, *on the brief*), New York, New York.

1

ISSUED AS MANDATE: 12-18-08

For Appellee:   KARL METZNER, Assistant United States Attorney (Eric B. Bruce, Lev L. Dassin, *of counsel, on the brief*), *for* Michael J. Garcia, United States Attorney for the Southern District of New York, New York.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Southern District of New York is AFFIRMED.

Defendant-appellant Uzair Paracha appeals from a July 24, 2006 judgment of conviction in the United States District Court for the Southern District of New York (Stein, J.), following a jury trial on a five-count indictment charging him with conspiracy and substantive counts of providing material support and resources to al Qaeda, making or receiving a contribution of funds, goods or services on behalf of al Qaeda, and committing identification document fraud to facilitate an act of international terrorism. We assume the parties' familiarity with the underlying facts of this case, its relevant procedural history, and the issues on appeal.

[1] <u>Suppression of Statements</u>

Paracha argues that the district court erred by failing to suppress his statements on March 28-30, 2003, on the ground that they were obtained while he was "in custody" for purposes of *Miranda v. Arizona*, 384 U.S. 436 (1966), and effected without an immediate warning of his rights or a voluntary waiver thereof. We review the district court's factual findings on a custody issue for clear error, and its legal conclusions *de novo*. *United States v. Romaszko*, 253 F.3d 757, 760 (2d Cir. 2001) (per curiam). Here, we see no reason to disturb the court's conclusion that Paracha was not "in custody" in the evening and night of March 28, 2003. *See United States v. Paracha*, No. 03-cr-1197, 2004 WL 1900336, at *7-8 (S.D.N.Y. Aug. 24, 2004). As the court reasonably found, Paracha agreed to speak with the agents without any compulsion or implication of adverse consequences; never indicated a desire to discontinue the conversation; was not subjected to a pat-frisk or similar procedure; and was allowed breaks and offered refreshments. *Id.* Under the circumstances, we therefore agree with the district court that Paracha was not "in custody" for *Miranda* purposes because he did not experience a significant constraint on his freedom. *United States v. Ali*, 68 F.3d 1468, 1472 (2d Cir. 1996) ("The test for determining whether [a suspect] [is] in custody is whether a reasonable person in the defendant's position would have understood himself to be subjected to the restraints comparable to those associated with a formal arrest." (internal quotation marks omitted)). Nor do we think that Paracha was "in custody" until his arrest on March 31, 2003.[1]

---

[1] To the extent Paracha argues he was denied counsel, we agree with the district court that at no point during his conversations with the agents did Paracha make a clear request for counsel. In this Court, a suspect's questions regarding whether he thinks he may need counsel have been deemed too ambiguous to trigger a defendant's right to be free from further questioning and to be furnished access to legal counsel. *See, e.g., Diaz v. Senkowski*, 76 F.3d 61,

2

Paracha's contention that he did not execute a valid *Miranda* waiver on March 29, 2003, when he signed an "Advice of Rights" form, is also without merit. As the district court found, there is no evidence of government misconduct that would undermine the voluntariness of Paracha's waiver, Paracha was explicitly informed that he was not under arrest, and he twice communicated his understanding of his rights and the consequences of waiving them. *See United States v. Jaswal*, 47 F.3d 539, 542 (2d Cir. 1995) (per curiam) ("To prove a valid waiver, the government must show (1) that the relinquishment of the defendant's rights was voluntary, and (2) that the defendant had a full awareness of the right being waived and of the consequences of waiving that right."). The evidentiary record therefore supports the district court's conclusion that Paracha made a valid waiver of his *Miranda* rights.

In light of these determinations, we also reject Paracha's claim that his statements made on March 30, 2003 — subsequent to when a material witness warrant was issued — should have been suppressed on the ground that he was not promptly presented to a magistrate judge or other judicial officer in accordance with the requirements of 18 U.S.C. § 3501(c). Section 3501(c) applies when "a confession [is] made or given by . . . a defendant . . . while . . . under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency." Inculpatory statements made when the confessor is "not under arrest or other detention," however, are exempt from Section 3501's procedural requirements. *See* 18 U.S.C. § 3501(d); *see also United States v. Alvarez-Sanchez*, 511 U.S. 350, 358 (1994) (noting that "a duty to present a person to a federal magistrate does not arise until the person has been arrested for a federal offense" and so, until such time, "no 'delay' under § 3501(c) can occur"); *United States v. Valdez*, 16 F.3d 1324, 1333 (2d Cir. 1994) ("Subsection (d) . . . places two limitations on the applicability of the entire section: (1) if the confession was given without interrogation; and (2) if the confessor was not under arrest or detention at the time the statement was made.") (holding that defendant was not under arrest or detention notwithstanding the fact that unbeknownst to him an arrest warrant had already been issued). Thus, Paracha's argument that the failure to present him within a reasonable time of the issuance of the warrant is without merit.

[2] Consent to Search

Paracha claims that although he signed a "Consent to Search" form in the early morning on March 29, 2003, he was coerced into doing so, rendering his consent involuntary and the search unlawful. As the district court noted, however, Paracha provided the agents with keys to enter his residence and, when no one answered the door, Paracha called the home telephone to ensure that nobody was inside. *See Paracha*, 2004 WL 1900336, at *10-11. The record also evinces that the agents did not use force or threaten Paracha with a search warrant if he refused to give consent. *See United States v. Murphy*, 16 F. Supp. 2d 397, 401 (S.D.N.Y. 1998) (remarking that "whether there was a show of force [and] whether the officers told the consenter that a search warrant would be obtained" were factors in assessing the voluntariness of consent). Given

---

63 n.1, 64-65 (2d Cir. 1996) (holding "Do you think I need a lawyer?" to be ambiguous).

the "totality of all the circumstances," *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973), we find that the district court correctly concluded that Paracha's consent was voluntary and that the search was reasonable, *see United States v. Garcia*, 56 F.3d 418, 422 (2d Cir. 1995).

[3] <u>Sufficiency of the Evidence</u>

Paracha argues that the evidence against him was insufficient to sustain a conviction because the government failed to corroborate his purported confessions with substantial independent evidence of his mental state. As an initial matter, Paracha misstates the corroboration rule. In *United States v. Irving*, 452 F.3d 110 (2d Cir. 2006), this Court explained that "the corroborating evidence need not prove the essential elements of the crime." *Id.* at 118. Rather, the "modern corroboration rule requires only that there be substantial independent evidence which would tend to establish the trustworthiness of the statement." *United States v. Bryce*, 208 F.3d 346, 354 (2d Cir. 2000) (internal quotation marks omitted). This standard is met given the ample documentary evidence -- most notably, Paracha was found to have a set of handwritten instructions outlining in detail the material support conspiracy he described before his arrest — establishing the reliability of the confessions. In light of such evidence, Paracha cannot meet his "weighty" burden required for a successful reversal. *Irving*, 452 F.3d at 119.[2]

[4] <u>Admission of Expert Testimony</u>

Paracha asserts that the district court erred by admitting Evan Kohlmann's expert testimony on the organization and structure of al Qaeda. The record evinces, however, that Paracha waived his challenge to the relevance and utility of such testimony during a pre-trial conference. Even if not waived, and even with respect to Paracha's preserved challenge to the reliability of Kohlmann's methodology, in light of our deferential standard of review, *see United States v. Wexler*, 522 F.3d 194, 204 (2d Cir. 2008) (noting that we review a district court's

---

[2] Paracha's claim that the district court erred by failing to instruct the jury on the corroboration rule is equally unavailing. Because this challenge was not preserved, we review it for plain error. Fed. R. Crim. P. 52(b). Under this standard, we conclude that the error, if any, was not plain. In *Daeche v. United States*, 250 F. 566 (2d Cir. 1918), this Court stated that "at most the charge [relating to the question of corroboration] need only [be] that the jury [cannot] convict, if they disbelieve[] the corroboration altogether." *Id.* at 572. Combined with the fact that all but one of the circuits to consider the issue have held that "a district court is not obligated to instruct the jury to make a specific finding as to whether the government presented substantial independent evidence to corroborate the defendant's confession," *United States v. Howard*, 179 F.3d 539, 543 (7th Cir. 1999); *see also United States v. Dickerson*, 163 F.3d 639, 642 (D.C. Cir. 1999) (same); *United States v. Singleterry*, 29 F.3d 733, 738 (1st Cir. 1994) (same); *but see United States v. Marshall*, 863 F.2d 1285, 1288 (6th Cir. 1988) (reversing a conviction for failure to give the requested instruction on corroboration), any error in failing to instruct the jury on the corroboration rule is not "so egregious and obvious" to constitute plain error, *United States v. Gore*, 154 F.3d 34, 43 (2d Cir. 1998) (internal quotation marks omitted).

4

evidentiary rulings for manifest error), and the considerable leeway the Supreme Court has afforded district courts in deciding whether to admit expert testimony, *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999), the court was well within its discretion in ruling that Kohlmann's methodology was sufficiently reliable and his testimony relevant to the jury's understanding of al Qaeda so as to be admissible under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). *See United States v. Paracha*, No. 03-cr-1197, 2006 WL 12768, at *20-22 (S.D.N.Y. Jan. 3, 2006). Indeed, the court limited the government's use of the expert testimony, demonstrating that it carefully considered Kohlmann's reliability and expertise, as well as the proper scope of his testimony. *Id.* at 22-24.

[5] Sixth Amendment Challenge

Paracha contends that his Sixth Amendment rights to compulsory process and confrontation of witnesses were violated by the government's discussion in summation of declassified summaries of interviews with witnesses not present at trial. We disagree. The government did not exceed the boundaries of the district court's limiting instructions — as the district court found, the government's reference to the summaries during its summation was not inculpatory but rather made for the purpose of trying to persuade the jury that, were the statements to be believed, they did not undermine the government's case — and Paracha waived any claim that his right to compulsory process was violated by the court's "compromise" solution of allowing the defense to introduce the summaries in lieu of live testimony.

We have considered Paracha's remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: *[signature]*

5

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by *[signature]* DEPUTY CLERK